# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **WARREN BRYANT, II** | **CIVIL ACTION NO. 15-2911-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **STEVE PRATOR, ET AL** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Warren Bryant, II. ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on December 30, 2015.  Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials.  He names the Caddo Parish Sheriff's Office, Steve Prator, D. Harris, T. Ride, David Nelson, and Director Wright as defendants.

Plaintiff claims that on August 12, 2014 he made a sick call request because he had an infection on his left heel.  He claims the infection was treated and he was not referred to the doctor.

Plaintiff claims that on September 17, 2014, he wrote a kite to Director Wright because the infection had spread.  He claims Director Wright advised him to file another

sick call request.  He claims he made another sick call and was given a prescription for anti-fungal medication.  He claims he was charged for the sick call.  He claims he applied the medication as directed, but the infection became worse and black spots spread over his heel, ankle, and toes.

Plaintiff claims he made another sick call request in October or November of 2014. He claims he was charged for the sick call.  He claims he was referred to Doctor Nelson who stated that he had to go to Hunt Correctional Center to have the infection treated.  He claims Doctor Nelson advised him that University Health Hospital did not have a dermatologist to treat his infection and the cost of treatment would be approximately $10,000.00.  He claims he was given more cream for his infection.

Plaintiff claims the infection spread from his left foot to his left knee.  He claims that on March 16, 2015, he filed another sick call request.  He claims he was charged for the sick call.  He claims he was prescribed the same cream.

Plaintiff claims he filed a grievance in the administrative remedy procedure.  He claims no action was taken as to the treatment of his infection.

Plaintiff claims the infection became worse.  He claims his left big toe and toenail turned black.  He claims that on July 30, 2015, he filed another sick call request.  He claims Director Wright and her assistant advised him that he needed a scrub brush to remove the dead skin.  He claims he did not receive the scrub brush, but was allowed to wear his personal shoes because of the pain.

Plaintiff claims that on October 11, 2015, he filed another grievance in the

administrative remedy procedure.  He claims his grievance was denied.  He also claims he was retaliated against for filing the grievance because he was no longer allowed to wear his personal shoes.

Plaintiff claims that on October 13, 2015, he wrote a kite to Director Wright.  He claims Director Wright advised him that he would be seen by the doctor for his foot fungus. He claims she also advised him that University Health did not have a dermatologist.

Accordingly, Plaintiff seeks to see a dermatologist, medical costs, and monetary damages.

## LAW AND ANALYSIS

### Medical Care Claims

Plaintiff claims that he did not receive adequate treatment for an infection.  Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate

indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).  Plaintiff admits he was seen by the medical staff in the infirmary.  He admits that on August 12, 2014, he made a sick call request and his infection was treated.  He admits that he made another sick call and was given a prescription for anti-fungal medication.  He admits he made another sick call in October or November of 2014 and was

referred to Dr. Nelson.  He admits he was given more cream for his condition.  He admits that he made a sick call in March of 2015 and was given cream for his condition.  Plaintiff admits he made a sick call in July of 2015 and was allowed to wear his personal shoes.  He claims he was advised in October of 2015 that he would be seen by a doctor for his foot fungus.  However, he disagrees with the medication that he was prescribed.  Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort.  See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Plaintiff complains that he was charged for his medical visits.  Plaintiff does not have a constitutional right to free medical care.  Hutchinson v. Belt, 957 F.Supp. 97 (W.D. Louisiana 1996) (citations omitted).  Furthermore, Plaintiff does not allege that he was denied medical treatment because he could not pay the fee.

Accordingly, Plaintiff's medical care and fee claims should be dismissed with prejudice as frivolous.

**Administrative Remedy Procedure Claims**

Plaintiff claims he filed two grievances in the administrative remedy procedure.  He claims no action was taken as to the treatment of his infection and his grievances were denied.  Inmates do not have a constitutionally protected right to a prison administrative grievance procedure.  See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (W. D. La. 2000); Brown v. Dodson, et al., 863 F.  Supp. 284 (W.D. Va. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).   A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct.  242, 102 L.Ed.2d 231.   Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures.   Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts.   Flick, supra.  Thus, insofar as Plaintiff alleges that the defendants failed to comply with a prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

Accordingly, Plaintiff's administrative remedy procedure claim should be dismissed with prejudice as frivolous.

**Retaliation Claim**

Plaintiff claims he was retaliated against because he filed a  grievance in the administrative remedy procedure.  To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident–such as the denial of his personal shoes -would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

The retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no specific allegations showing that "but for" this motive he would not have been denied his personal shoes.

Accordingly, Plaintiff's retaliation claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff is a prisoner, this court may dismiss the complaint before or after service of process, and before or after answers have been filed, if it finds the complaint "frivolous" or if it "fails to state a claim upon which relief may be granted". See 28 U.S.C. § 1915A; See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999).

For the reasons heretofore stated, the court finds that the complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law and fact and is frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the  time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 21st day of March 2016.

Mark L. Hornsby
U.S. Magistrate Judge